UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LUIS MARIO LUCERO, et al.,

       Plaintiffs,       15-cv-413 (PKC)

  -against-          MEMORANDUM
                AND ORDER

SOMICH DELI, INC., et al.,

       Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

    Defendants move, pursuant to Rules 6(b) and 39(b), Fed. R. Civ. P., to file a Second Amended Answer that would include a jury demand.[1]  (Docket # 51.)  Defendants' original Answer and Amended Answer were filed in March and May 2015, at which point they made no jury demand.  Following an Initial Pretrial Conference of April 2015, this Court issued an Order stating that the case was not to be tried to a jury.§

    However, in September 2015, plaintiffs filed a second, related action, which was consolidated with this case.  This second action, Abelar v. Somich Deli, Inc., et al., 15 Civ. 7442 (S.D.N.Y.) (PKC), named a new defendant.  Once again, defendants' Answer did not include a jury demand.  Shortly after Abelar was consolidated with this case, defendants sought leave to amend their Answer to include a jury demand.

    Defendants contend that their failure to make a timely jury demand was the product of oversight.  Because the Second Circuit has repeatedly held that "mere inadvertence"

---

[1] Defendants do not rely on Rule 15, Fed. R. Civ. P., which governs the amendment of pleadings, and the proposed amended answer would apparently be limited to the addition of a jury demand.

is an insufficient basis to permit a party to make an untimely jury demand, their motion is denied.

PROCEDURAL HISTORY.

The Complaint in this action was filed on January 20, 2015, and defendants filed their Answer on March 20, 2015. (Docket # 1, 13.) Neither party made a jury demand. On April 21, 2015, following the Initial Pretrial Conference, this Court issued a Civil Case Management Plan and Scheduling Order stating that this case "is not to be tried to a jury." (Docket # 20.) Shortly thereafter, on April 29, 2015, plaintiffs filed an Amended Complaint adding additional named plaintiffs, which the defendants answered on May 19, 2015. (Docket # 22, 27.) Again, neither party made a jury demand nor moved to modify the April 21 Order. (Docket # 20.)

On September 21, 2015, plaintiffs' counsel filed a new case, Abelar v. Somich Deli, Inc., et al., 15 Civ. 7442 (S.D.N.Y.) (PKC), which this Court accepted as related to this action. The Abelar complaint named a new defendant, Leonid Vaynberg. (15 Civ. 7442, Docket # 1.) The defendants filed their Answer in the Abelar action on October 21, 2015, which included twenty-eight affirmative defenses but did not make a jury demand. (15 Civ. 7442, Docket # 11.)

Following an initial pretrial conference of November 13, 2015, the Court consolidated Abelar with the present action. (15 Civ. 7442, Docket # 14.) The parties advised the Court that they would confer on whether the case would be heard by a jury, and the Case Management Plan stated "TBD" as to whether the case would be tried to a jury. (15 Civ. 7442, Docket # 14.)

In an e-mail exchange dated November 16, 19 and 20, 2015, defendants' counsel asked plaintiffs' counsel whether it consented to defendants' request for leave to amend the Answer to include a jury demand. (Labuda Dec. Ex. B.) Plaintiffs' counsel replied, "Plaintiffs do not wish to consent to a jury trial in this case. We don't think it's necessary." (Labuda Dec. Ex. B.) The e-mail did not further explain plaintiffs' position. On November 25, 2015, defendants filed a pre-motion letter seeking leave to move to amend their Answer, and thereafter filed this motion on January 19, 2016. (Docket # 45, 51.)

RULES 38 AND 39, FED. R. CIV. P.

Rules 38 and 39, Fed. R. Civ. P., respectively govern a party's demand to trial by jury and the trial by a court. Rule 38(a) states that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution – or as provided by a federal statute – is preserved to the parties inviolate." "On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand – which may be included in a pleading – no later than 14 days after the last pleading directed to the issue is served . . . ." Rule 38(b)(1).

Under Rule 38(d), "[a] party waives a jury trial unless its demand is properly served and filed." Rule 39(b) similarly provides that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court." Rule 39(b) then states: "But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Thus, both Rules 38(d) and 39(b) provide that, by default, a party waives its right to a civil jury trial when it does not demand one, with Rule 39(b) permitting a party to move thereafter for a jury trial if it has failed to make a demand.

DISCUSSION.

        I.      <u>Defendants Have Not Made a Timely Jury Demand.</u>

Defendants first argue that their jury demand was timely under Rule 38(b).  They contend that because the <u>Abelar</u> matter was consolidated with this case on November 13, 2015, they were permitted under Rule 38(b) to submit a jury demand until November 27.  (Def. Mem. at 3-4.)  They note that they raised the issue at the November 13 conference, requested plaintiff's consent on November 16 and filed their pre-motion letter on November 25.  (<u>Id.</u> at 4.)

However, while the defendants may have expeditiously sought to amend their Answer following the November 13 conference, the text of Rule 38(b)(1) is unambiguous, and provides that a party may make a jury demand "no later than 14 days <u>after the last pleading directed to the issue is served</u> . . . ."  (emphasis added)  Here, "the last pleading directed to the issue" was the <u>Abelar</u> Answer of October 21, 2015, meaning that the 14-day window to make a timely jury demand expired on November 4, 2015.

Defendants therefore did not make a timely jury demand under Rule 38(b).

        II.     <u>Defendants Have Not Shown Cause for Their Failure to Make a Timely Jury Demand.</u>

Because defendants have not made a timely jury demand, the Court must decide whether to exercise its discretion to permit defendants to make an untimely demand under Rule 39(b).

The Second Circuit has observed that "'[d]espite the discretionary language of Rule 39(b) some cause beyond mere inadvertence must be shown to permit granting an untimely demand.'"  <u>Westchester Day Sch. v. Vill. of Mamaroneck</u>, 504 F.3d 338, 356 (2d Cir. 2007) (quoting <u>Higgins v. Boeing Co.</u>, 526 F.2d 1004, 1006 n. 2 (2d Cir. 1975) (per curiam)); <u>see also</u> <u>Noonan v. Cunard S.S. Co.</u>, 375 F.2d 69, 70 (2d Cir. 1967) (in applying Rule 39(b), "the area

open to the judge's discretion has shrunk to determining whether the moving party's showing beyond mere inadvertence is sufficient to justify relief."); Washington v. New York City Bd. of Estimate, 709 F.2d 792, 798 (2d Cir. 1983) (affirming denial of jury demand request when plaintiff proceeded for more than a year before making demand); United States v. Jerico Precision Mfg. Corp., 205 F.3d 1325 (2d Cir. 2000) (jury demand made 20 days after defendant filed his answer was untimely, and attorney offered no explanation for the failure to make timely demand) (summary order).

       Instead of addressing the Second Circuit's requirement that a movant show more than "mere inadvertence," defendants cite a five-prong test used in the Northern District of Illinois.[2]  (Def. Mem. at 4-8.)  Defense counsel also attributes the failure to make a jury demand to a "miscommunication" with a colleague, and states that "we discussed filing a jury demand in both cases, but did not include them in the Answers."  (Labuda Dec. ¶ 2.)  Counsel also states that he ruptured an Achilles tendon in October 2015, which necessitated medical treatment during the time that the Abelar Answer was due.  (Labuda Dec. ¶¶ 3-5.)  Finally, counsel states that due to "continued limited mobility since the surgery, I have experienced a severe case backlog."  (Labuda Dec. ¶ 7.)  These explanations all reflect "mere inadvertence" on the part of defense counsel, which the Second Circuit has repeatedly deemed inadequate to allow an untimely jury demand.  Westchester Day Sch., 504 F.3d at 356.

       Defendants also argue that they should be permitted to make an untimely demand given that the Abelar action was consolidated with the above-captioned case.  They note that in

---

[2] See Kirsch v. Brightstar Corp., 2014 WL 5166527, at *2 (N.D. Ill. Oct. 10, 2014) ("In assessing a Rule 39(b) motion, the court must consider and balance the following five factors: (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of the delay; and (5) the reason for the movant's tardiness in demanding a jury trial.").

the Abelar Complaint, plaintiffs added Leonid Vaynberg as a defendant, and argue that Vaynberg should be given an opportunity to file an Answer and demand a jury. (Def. Mem. at 8.) But Vaynberg has, in fact, filed an Answer, which included twenty-eight affirmative defenses but made no jury demand. (15 Civ. 7442, Docket # 11.)

As Judge Gardephe noted, "[t]he Second Circuit has clearly and repeatedly stated, however, that – outside of the removal context – a late jury demand must be supported by something more than a claim of 'mere inadvertence.' This Court is not free to disregard those decisions." Grant v. Warner Music Grp. Corp., 2014 WL 4495195, at *2 (S.D.N.Y. Sept. 12, 2014). Aside from facts that describe counsel's inadvertence, the defendants have not come forward with evidence that explains the failure to make a timely jury demand.

Defendants' motion under Rule 39(b) to amend their Answer to make a jury demand is therefore denied.

### III. Rule 6(b) Does Not Support Defendants' Motion to Make a Jury Demand.

Rule 6(b)(1)(B) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In apply Rule 6(b), excusable neglect may occur through "inadvertent delays, mistakes, or carelessness," and the concept "is broad enough to encompass even those omissions caused by circumstances within the movant's control." In re Painewebber Ltd. Partnerships Litig., 147 F.3d 132, 135 (2d Cir. 1998). "To establish excusable neglect, however, a movant must show good faith and a reasonable basis for noncompliance." Id.

Defendants have not made a showing that their failure to make a jury demand arose out of good faith or had a reasonable basis. In this action, they filed an Answer and an

- 7 -

Amended Answer in March and May of 2015, without asserting a jury demand.  Similarly, they consent to proceed with a bench trial at the Initial Pretrial Conference of April 2015.  In the Abelar action, which was consolidated with this case and was filed eight months after the Complaint in this action, defendants' Answer again omitted a jury demand.

While the delay between the Abelar Answer and the defendants' initial effort to make a jury demand was relatively brief, the underlying facts had already been litigated for eight months.  Against, defense counsel relies primarily on a "miscommunication" with a colleague, and states that "we discussed filing a jury demand in both cases, but did not include them in the Answers." (Labuda Dec. ¶ 2.)  This miscommunication, which encompassed the Abelar Answer but apparently extended as far back as the spring of 2015, does not "show good faith and a reasonable basis for noncompliance."  In re Painewebber, 147 F.3d at 135.

Defendants' motion for relief pursuant to Rule 6(b) is therefore denied.

CONCLUSION.

The defendants' motion for leave to file an Amended Complaint to include a jury demand is DENIED.  (Docket # 51.)  The Clerk is directed to terminate the motion.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       February 24, 2016